UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| I'ESHA SHELTON SHORT,           )| |
| )| |
| Plaintiff,           )| |
| v.           )| No. 4:22-cv-01117-SEP |
| )| |
| ST. CHARLES COUNTY, *et al.*,           )| |
| )| |
| Defendants.           )| |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, Doc. [84]. For the reasons set forth below, the motion is granted.

### BACKGROUND

In September 2021, Timothy Short was taken into custody after he was pulled over outside his home. Doc. [26] ¶ 3. Before he was taken into custody, Mr. Short had contracted COVID-19. *Id*. ¶ 4. Plaintiff I'Esha Shelton Short, Mr. Short's wife, alleges that Mr. Short died after Defendants "delayed, denied, and withheld [ ] medical attention." *Id*. ¶ 6.

Plaintiff's complaint initially "named certain institutional defendants and listed so-called John and Jane Doe Defendants to signal that individual defendants would have to be identified through discovery." Doc. [84] at 1. After the parties conducted some discovery, Plaintiff amended her complaint to add the following Defendants: Accountable Health Staffing, Inc.; VitalCore Health Strategies, LLC; Michael Davis; Stacy Kent; Virginia Parker; Megan Johansson; Patricia Garrison-Metzger; and Nicole Cook. Doc. [24] at 2. Plaintiff's Amended Complaint also dropped two parties: Scott A. Lewis and Daniel Keen. *See id*. According to Plaintiff's counsel, Plaintiff's amended complaint was based on medical records generated by the nursing staff. Docs. [84] at 2; [84-1] ¶ 10. Plaintiff claims that "the testimony of witnesses deposed after Plaintiff's amendment was filed contradicted the medical records in critical, and unexpected, ways." Doc. [84] at 2. Plaintiff elaborates: "Between April 9, 2024 and May 20, 2024, Plaintiff took the depositions of eight fact witnesses . . . . During the last two days of those depositions, Plaintiff obtained testimony that was both inconsistent with the medical records previously received and that implicated two additional nurses who may be liable for the death of Tim Short." *Id*. at 3; Doc. [84-1] ¶¶ 12-14. Specifically, Defendant Johannsson testified that she

1

reported Mr. Short's condition to her supervisor, Nurse Jandi Cox, and that Nurse Cox was supposed to contact the doctor.  Docs. [84] at 5; [84-4] at 114-115.  Plaintiff claims that "[t]here was nothing in the medical record to indicate Nurse Cox had any plausible culpability at the time of the original amendment."  Doc. [84] at 6.  Plaintiff also claims that the medical records made no reference to Nurse Hohl's alleged involvement in Mr. Short's care, but Defendant Cook testified that Nurse Hohl was the one who evaluated Mr. Short  *Id*.; Doc. [84-8] at 83-88.

About a week after those depositions, Plaintiff's attorney "reached out to defense counsel to advise of Plaintiff's need to amend the complaint to name the two additional potential defendants and request a call to discuss."  Docs. [84] at 3; [84-1] ¶ 15.  The Second Amended Complaint seeks to add Jandi Cox and Jami Hohl as defendants and dismiss Defendants Park, Davis, Kent, and Garrison-Metzger.  Doc. [84] at 5.  Counsel for St. Charles County indicated that his client would object to any such request.  *Id*. at 3; Doc. [84-1] ¶ 18.  On June 5, 2024, Plaintiff's counsel sent a follow-up email explaining that the motion would be supported by Plaintiff's forthcoming expert report, which was due on July 1, 2024.  Docs. [84] at 4; [84-1] ¶¶ 19-20.  On July 24, 2024, Plaintiff's counsel sent defense counsel a copy of the proposed amended complaint to see if the parties could resolve any objections.  Docs. [84] at 4; [84-1] ¶ 24.  Defendant St. Charles County confirmed that it remained opposed to the amendment.  Docs. [84] at 4; [84-1] ¶ 25.  Defendants Accountable Health Care and its employees Megan Johannson and Nicole Cook are not opposed.  *Id*.

## LEGAL STANDARD

Because Plaintiff seeks to amend after the Case Management Order's deadline for amendment, she must satisfy Rule 16(b)'s good-cause standard.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).") (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman*, 532 F.3d at 716-17.  Courts routinely find that good cause exists "when an amendment is based on 'newly discovered facts.'"  *Ferrell Mobile Homes, Inc. v. Champion Home Builders, Inc.*, 2018 WL 11326543, at *2 (E.D. Mo. Apr. 17, 2018) (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

**DISCUSSION**

I.       **Plaintiff has demonstrated good cause to amend her pleading.**

Defendants St. Charles County, Michael Davis, and Stacey Kent oppose Plaintiff's Motion to Amend on the basis that Plaintiff cannot demonstrate good cause. *See* Doc. [86]. Defendants note that "[f]rom the point that Plaintiff had access to Mr. Short's medical records on February 8, 2023[,] until April 9, 2024, Plaintiff only conducted one deposition—a 30(b)(6) deposition that took place on March 30, 2023[,] and March 31, 2023." *Id*. at 3. Then, over a year later, Plaintiff began taking the depositions of the nurses involved in Mr. Short's care. *Id*. Defendants also argue that Plaintiff cannot rely on "newly discovered facts" to establish good cause when the facts "were available to Plaintiff early on in this case's pendency." *Id*. at 6. Specifically, Nurse Hohl was identified in Defendants' initial disclosures and Plaintiff "had access to email communications from Nurse Hohl concerning decedent" as well as "decedent's medical records show[ing] that Ms. Hohl charted in decedent's medical chart." *Id*. Nurse Cox was also identified in Defendants' initial disclosures and Plaintiff had access to emails from Nurse Cox concerning Mr. Short. *Id*.

Plaintiff responds that the parties spent substantial time in 2023 preparing for and conducting an in-person mediation on December 18, 2023. Then, after mediation failed, the parties filed motions to revise the schedule, Docs. [71], [73], which the Court granted on February 29, 2024. *See* Doc. [74]. Plaintiff claims that, "[i]n the meantime, on February 22, 2024, Plaintiffs' counsel requested depositions of the fact witnesses, *i.e.*, roughly 45 days after the parties knew the case was not going to settle." Doc. [88] at 3. As to Defendants' arguments that the "newly discovered facts" have been available for some time, Plaintiff counters that "[w]hile the County focuses on the uncontroversial point that Plaintiff knew Ms. Cox and Ms. Hohl treated Mr. Short, Plaintiff did not simply name every nurse that touched her husband in her first amended complaint." *Id*. at 2. "Rather, she undertook to name those who appeared culpable in Mr. Short's death from the medical records." *Id*.

Upon consideration of the parties' arguments, the Court finds good cause to modify the scheduling order. At the time Plaintiff took the depositions, discovery was not set to close for another six months. And as soon as the depositions revealed evidence regarding Nurse Cox's and Nurse Hohl's potential culpability, Plaintiff reached out to defense counsel about her proposed amendment and explained that she would need to see the expert's final report before

3

officially filing a motion to amend. Once Plaintiff received the expert report, she filed her motion for leave one month later. The Court agrees with Plaintiff that "[f]iling the motion within a month after confirming her factual basis was sufficiently diligent." Doc. [88] at 4.

## II.     **Plaintiff's proposed amendment as to Nurse Cox is not futile.**

Defendant also argues that the proposed amendment as to Nurse Cox is futile. "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up).

The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). The distinction "makes little difference as a practical matter," however, because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."). "To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, [Plaintiff] 'must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs.'" *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (quoting *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999)). "An objectively serious medical need is one that is 'either obvious to the layperson or supported by medical evidence, like a physician's diagnosis.'" *Id.* (quoting *Roberson*, 198 F.3d at 648).

Plaintiff's proposed Second Amended Complaint alleges two instances of deliberate indifference by Nurse Cox: (1) her refusal to call a doctor about Mr. Short's condition or oxygen requirement; and (2) her decision to have Mr. Short transported to the hospital by car rather than

4

ambulance.[1]  As to the first instance, Defendants claim that Plaintiff's allegations "contradict each other in that Ms. Cox either knew of or was never informed of decedent's condition and the supplemental oxygen requirement."  Doc. [86] at 9.  Plaintiff is allowed to plead in the alternative.  *See* Fed. R. Civ. P. 8(d)(2).  Here, Plaintiff has alleged that "Johansson never reported Mr. Short's condition to a doctor or her supervisor," or in the alternative, Johansson told Nurse Cox of Mr. Short's condition, but Cox refused to call the doctor.  Doc. [84-9] ¶¶ 58, 64.  Plaintiff's alternative allegation is sufficient for purposes of a motion to dismiss.

As for the second instance, Defendants claim that the hospital is only .3 miles away from the St. Charles County Department of Corrections and as alleged, Plaintiff has not established that Cox "was aware of an objectively serious medical need to transport decedent via ambulance especially when the hospital was so close to the facility."  Doc. [86] at 10.  At most, Defendants argue, Plaintiff "has alleged mere disagreement with Nurse Cox's purported medical judgment, which is insufficient to establish a claim for deliberate indifference."  *Id*.  The Court disagrees.  Plaintiff has alleged that Mr. Short had a pulse oxygen reading of 79% while on 3-liters of oxygen, which increased to 86% after his oxygen was increased to 4-liters.  Doc. [84-9] ¶ 93.  But instead of transporting Mr. Short to the hospital by ambulance, Nurse Cox decided to send him in a squad car.  *Id*. ¶ 94.  That decision allegedly "resulted in significant delay between when Defendant Cox requested the transport and when the corrections staff actually delivered Mr. Short to the hospital."  *Id*.  Accepting Plaintiff's allegations as true and drawing reasonable inferences therefrom, the Court finds that Plaintiff plausibly states a claim that Nurse Cox was deliberately indifferent to an objectively serious medical need.  *See Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995) ("Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed.").  As such, Plaintiff's proposed amendment as to Nurse Cox is not futile.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, Doc. [84], is **GRANTED**.

---

[1] According to Plaintiff, her proposed complaint also alleges that "Ms. Cox allowed an LPN to make the decision to put Mr. Short on oxygen without consulting a doctor, despite knowing that treatment decisions of that type must be made by physicians and are outside the scope of an LPN's authority."  Doc. [88] at 7 (citing Doc. [84-9] ¶¶ 59-60, 64-65).  Upon review of the proposed complaint, the Court is not persuaded that Plaintiff did in fact make that allegation.

5

**IT IS FURTHER ORDERED** that the parties shall submit a proposed joint scheduling plan **no later than June 13, 2025**.

Dated this 29th day of May, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE