IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| I'ESHA SHELTON SHORT, spouse of Timothy Short, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:22-cv-01117-ZMB |
| ST. CHARLES COUNTY, MISSOURI, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT COOK'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND MEMORANDUM IN SUPPORT**

Defendant Cook, by and through counsel, respectfully moves the Court to amend and certify for interlocutory appeal under 28 U.S.C. § 1292(b) its July 9, 2026 Memorandum and Order, (Doc. 169), stating the following in support:

1.      On January 9, 2026, Defendant Cook submitted motions for summary judgement and to exclude Plaintiff's medical expert under *Daubert*, on multiple bases, including the element of causation. *See* (Docs. 119, 120, 128, 129, 130).

2.      On July 9, 2026, the Court entered its written Memorandum and Order denying Defendant's Motions, in part, specifically noting that Defendant Cook had not asserted the defense of qualified immunity. *See* (Doc. 169 at pg. 19).

3.      By way of explanation, because she was employed by a private contractor that supplied nursing staff to the St. Charles County, Defendant Cook believes she is (unfairly) part of a second-class of 'state actors' that controlling precedent holds are not entitled to assert a defense of qualified immunity. *See Davis v. Buchanan Cty.*, 11 F.4th 604, 613 (8th Cir. 2021).

1

4.      On July 16, 2026, co-Defendant Forstner filed a Notice of Interlocutory Appeal, presumably with appellate jurisdiction premised on the collateral order doctrine and the Court's denial of qualified immunity. *See Scott v. Tempelmeyer*, 867 F.3d 1067, 1070 (8th Cir. 2017); *Payne v. Britten*, 749 F.3d 697, 700 (8th Cir. 2014).

5.      Thereafter, Defendant Cook also filed a Notice of Interlocutory Appeal. (Doc. 173), with the understanding that the Circuit will have pendent appellate jurisdiction over the claims against her to the extent they arise from the same conduct at issue with Defendant Forstner and are "inextricably intertwined" with her appeal. *See Eagle v. Morgan*, 88 F.3d 620, 628 (8th Cir. 1996); *White v. McKinley*, 519 F.3d 806, 815 (8th Cir. 2008) ("When a ruling on the merits resolves the non-government individual's pendent claims, that individual's appeal is "inextricably intertwined" with the officer's qualified immunity.")

6.      On July 17, 2026, the Court entered an order vacating the trial date and staying proceedings pending resolution of the aforementioned appeals. Therein, the Court again noted that Defendant Cook had not asserted a qualified immunity defense and noted that she had not received permission to file an interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 174).

7.      Concurrently with her attempt to join the appeal filed by co-Defendant Forstner, Defendant Cook now files the present Motion seeking certification of the Court's Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

8.      Specifically, 28 U.S.C. § 1292(b) allows for a permissive interlocutory appeal to be taken "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state

2

in writing in such order."

9.      Such conditions are satisfied here, because the questions presented in the underlying motions involve controlling questions of law as to which there is substantial ground of difference of opinion; namely, whether Plaintiff can present a loss of chance claim under § 1983, and the sufficiency of the evidence for the same. *Compare Wollen v. DePaul Health Center*, 828 S.W.2d 681, 684 (Mo. 1992) *with Slade v. City of Marshall*, 814 F.3d 263, 267 (5th Cir. 2016) (rejecting "loss of chance" doctrine in the § 1983 context.").

10.     Notably, Missouri law allows for recovery where a plaintiff with a preexisting condition suffers a delay in diagnosis or treatment from a healthcare provider. *See Norman v. United States*, No. 1:04-CV-111 CAS, 2006 U.S. Dist. LEXIS 5519, at *27-28 (E.D. Mo. Feb. 13, 2006) ("A patient does suffer a harm when the doctor fails to diagnose or adequately treat a serious injury or disease. The harm suffered is not, however, the loss of life or limb. The harm is the loss of the chance of recovery."); s*ee also LaRose v. Washington Univ.,* 154 S.W.3d 365, 370 (Mo. Ct. App. 2004); Mo. Rev. Stat. § 537.021.1(1) (2000).

11.     This is the exact factual scenario presented by Plaintiff here, wherein it is alleged that Mr. Short presented to St. Charles County jail with a pre-existing COVID-19 infection along with other pre-existing comorbidities, and that a delay of treatment or transfer to a hospital by the remaining defendants affected his chances of survival and caused his death more than a month later.

12.     The question of whether § 1983 allows for recovery under this theory or the correct measure of alleged damages are not settled by existing Circuit precedent, with others flatly rejecting the first premise. *See e.g. Slade*, 814 F. 3d at 267.

3

13.     Moreover, the evidentiary standards for submitting such a claim is also in question. Specifically, Missouri law requires expert testimony to *quantify* the percentage of chance of survival lost by the negligence of the defendant, so that the jury may appropriately segregate damages attributable to defendant's conduct from the pre-existing condition. *Wollen v. DePaul Health Center*, 828 S.W.2d 681 (Mo. Banc 1992); *Smith v. Bubak*, 643 F.3d 1137, 1141 (8th Cir. 2011); *Soper v. Bopp*, 990 S.W.2d 147, 153 (Mo. Ct. App. 1999).

14.     Even assuming such a claim is viable under § 1983, the question must be answered as to whether it requires expert evidence to quantify the percentage of chance lost, as Missouri state courts so hold. This is problematic here, because Plaintiff's own medical expert not only disclaimed any ability to quantify Mr. Short's chance of survival at any point in time, but conceded that he could not even say that earlier administration of steroid or antiviral medications would have changed the outcome at all. (Pl.'s Summ. Judgment  Ex. 41 at C, p. 211:3-8, p. 230:4-25, 231:25-232:5) ("I can't say that it would have made a change [in the outcome], but it was the appropriate treatment.").

15.     The substantial ground for difference of opinion on this question is evidenced not only on the divergent federal and state court opinions cited above, but by the parties' substantial briefing on the same.

16.     Moreover, a permissive interlocutory appeal on this issue is warranted because an immediate appeal of the Court's Order will materially advance the ultimate termination of this litigation. This is necessarily so, where co-Defendant has already appealed the rulings at issue, and answering the above questions will expedite and clarify any issues that remain to be tried after a mandate is issued.

4

**CONCLUSION**

For these reasons, Defendant Cook respectfully requests the Court certify for interlocutory appeal its July 9, 2026 Memorandum and Order denying, in part, Defendants' motions for summary judgment and to exclude expert testimony.

Respectfully Submitted:

**SIMPSON, LOGBACK, LYNCH, NORRIS, P.A.**

By: */s/ J. Wesley Smith*
    Lawrence J. Logback, MO #46552
    J. Wesley Smith, MO #69912
    10851 Mastin Street, Suite 1000
    Overland Park, KS 66210
    Telephone: (913) 342-2500
    Facsimile: (913) 342-0603
    Email: llogback@slln.com
           wsmith@slln.com
    **ATTORNEYS FOR DEFENDANT NICOLE COOK**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 20th day of July, 2026, a true and accurate copy of the foregoing was filed electronically with a notice of case activity to be generated and sent by the Clerk of the Court to counsel of record.

Bradford B. Lear
Todd C. Werts
Lear Werts LLP
103 Ripley Street
Columbia, MO 65201
lear@learwerts.com
werts@learwerts.com
*Attorneys for Plaintiff*

Ron Dreisilker
Office of St. Charles County Counselor
100 North Third Street, Suite 216
St. Charles MO 63301
rdreisilker@sccmo.org
*Attorney for St. Charles County Defendants*

*/s/ J. Welsey Smith*
Attorney for Defendants

6