UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| I'ESHA SHELTON SHORT,<br>*spouse of Timothy Short, deceased*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ST. CHARLES COUNTY, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　Case No. 4:22-CV-1117-ZMB<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Nicole Cook's Motion to Certify Order for Interlocutory Appeal. Doc. 176. Because the Court's order denying her summary judgment does not present a close question of law, Cook has not carried her burden to show this case warrants an interlocutory appeal. As such, the Court denies her motion for certification.

Following its ruling on summary judgment, Defendant Jami Forstner filed a notice of interlocutory appeal, seeking appellate review of the Court's denial of qualified immunity. *See* Doc. 171. Cook—who never asserted qualified immunity—also filed a notice of interlocutory appeal, seeking relief "from all adverse orders entered in this action." Doc. 173. The Court stayed the action pending resolution of the appeals and noted that Cook "has not received permission to file an interlocutory appeal under 28 U.S.C. § 1292(b)." Doc. 174. Cook responded by filing the present motion asking the Court to certify an interlocutory appeal, in part because she believes that a question of law exists as to whether Plaintiff I'Esha Short can "present a loss of chance claim under § 1983." *See* Doc. 176 ¶ 9.

When an order in a civil action is not otherwise appealable, the Court may exercise discretion in certifying the order for interlocutory appeal provided that the order concerns "a

controlling question of law" where there "is substantial ground for difference of opinion" and the answer to that question "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (reviewing a section 1292 certification for abuse of discretion). To issue a certification, this Court must make a finding that "(1) the order [which the party seeks to appeal] involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty.*, 525 F.3d at 646. "[T]he movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Indeed, the Eighth Circuit has cautioned that certification should only be made "sparingly and in extraordinary cases." *Id.* at 379.

Cook has failed to meet her heavy burden that an interlocutory appeal should be certified. Admittedly, certifying the appeal may enable a speedier resolution of this case. But Cook has failed to show that the Court's memorandum and order denying summary judgment involves a controlling question of law where there are substantial grounds for disagreement. As the Court detailed in its opinion, the lone issue is a *factual* dispute as to whether Cook and/or Forstner withheld medical care from Timothy Short on the critical night of his illness. *See* Doc. 169 at 17. It is well settled that an interlocutory appeal is not warranted to address an issue of fact. *In re VeroBlue Farms USA*, 2021 WL 3260087, at *4 (N.D. Iowa June 30, 2021) ("[I]t is clear, and courts have uniformly found, that Section 1292(b) does not permit interlocutory appeal of factual matters or mixed questions of law and fact." (collecting cases)); *see also McGuire v. Cooper*, 952 F.3d 918, 922 (8th Cir. 2020) ("We lack jurisdiction to consider an interlocutory appeal if at the heart of the argument is a dispute of fact." (quotations omitted)).

Nevertheless, Cook now argues that the controlling question of law is "whether Plaintiff can present a loss of chance claim under § 1983, and the sufficiency of the evidence for the same." Doc. 176 ¶ 9. Cook suggests that there is a "substantial difference of opinion" on this theory, not only across a plethora of caselaw, but also through "the parties' substantial briefing on the same." *Id.* ¶ 15. Yet this motion appears to be the first time any party has directly referenced a "loss of chance" argument, and it certainly was not an issue that Cook advanced in her summary-judgment briefing. *See* Doc. 128. While it appears Cook attempted to raise this issue for the first time in her reply brief, *see* Doc. 160 at 10–11, she could not do so. The Court has already explained that Cook's delay means she has waived the issue. *See* Doc. 169 at 13 n.4. And because this issue was not presented in a proper manner, this issue of law is not subject to appeal. As such, there is no basis for certifying an interlocutory appeal under section 1292(b).[1]

Accordingly, the Court **DENIES** Defendant Nicole Cook's [176] Motion to Certify Order for Interlocutory Appeal.

So ordered this 31st day of July 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[1] The Court is skeptical of Cook's assertion of pendent jurisdiction, given that the resolution of Forstner's assertion of qualified immunity would not "necessarily resolve" her appeal given that she never invoked qualified immunity. *See Kincade v. City of Blue Springs*, 64 F.3d 389, 394 (8th Cir. 1995) (citation omitted); *see also id.* at 395 (discussing precedent indicating that the collateral-order doctrine does not extend to whether the summary-judgment record "sets for a 'genuine' issue of fact for trial"). However, the Court takes no position on that issue and defers to the Eighth Circuit in determining its jurisdiction to entertain Cook's appeal on this alternative theory.

3